**Nabil Dawod HANNALLA; Mary Toma Ghobrial; Michael Nabil Dawod Hannalla; Merey Nabil Dawod Hannalla, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70658.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Aug. 23, 2007.

Judith Seeds Miller, Esq., Davis Miller & Neumeister, Van Nuys, CA, Howard R. Davis, Esq., Law Offices Of Barbara J. Darnell, Los Angeles, CA, for Petitioners.

William H. Beatty, Esq., Office of the U.S. Attorney, Spokane, WA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Thomas H. Dupree, Jr., Esq., U.S. Department of Justice, civil Division/Appellate Staff, Washington, DC for Respondent.

Before: KOZINSKI and RAWLINSON, Circuit Judges, and CEDARBAUM,* Senior District Judge.

* The Honorable Miriam Goldman Cedarbaum, Senior United States District Judge for the

**MEMORANDUM ***

**1.** The record doesn't compel a finding of past persecution. *See* 8 C.F.R. § 1208.13(b). Persecution is an "extreme concept," *Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (quoting *Fisher v. INS,* 79 F.3d 955, 961 (9th Cir. 1996) (en banc)), and Hannalla suffered no more than minor injuries while in government custody and in his altercation with a tenant. *See Gu v. Gonzales,* 454 F.3d 1014, 1020 (9th Cir.2006) (finding no past persecution where petitioner was similarly beaten while detained by the government). The enforcement of laws of general applicability doesn't amount to persecution, *Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992), even if these laws are designed to protect a particular religion. The requirement that Hannalla report to the authorities once a week is onerous but does not amount to persecution, especially as Hannalla hasn't shown that he was singled out for such treatment because of his religious beliefs. It follows that issuance of a warrant for Hannalla's failure to comply with the lawful reporting requirement also is not persecution.

**2.** Nor does the record compel a finding that petitioners have a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). Petitioners haven't shown that they will be individually targeted for any form of persecution. In fact, several of petitioners' Coptic Christian family members continue to live in Egypt and there is no evidence that they suffered persecution. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004) (finding no reasonable fear of future persecution where petitioners' Coptic Christian family members continued to live in Egypt).

**3.** Petitioners are therefore also necessarily ineligible for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**4.** Petitioners' claims for relief under the Convention Against Torture also fail because a reasonable adjudicator wouldn't be compelled to find it more likely than not that petitioners would be tortured if removed. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

